## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey Charles Rodd, | Case No. 19-CV-2172-ECT-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| K. Crandall, HS Ass't; Dr. Benjamin Rice; PA Ashley Peterson; C. Nickrenz, Warden; and Captain J. Feda, | |
| Defendants. | |

On January 27, 2021, the Court received a letter from the plaintiff, Jeffrey Charles Rodd, in response to the Court's December 17, 2020 Order. Pl.'s Letter, ECF No. 39. Mr. Rodd states that he complied with the Court's instructions to respond to defense counsel's September 15, 2020 letter regarding acceptance of service for Defendants Nickrenz and Crandall. Defense counsel indicates that Mr. Rodd sent the letter along with a copy of the complaint for Nickrenz and Crandall, but did not include a summons for either. Def.'s Letter, ECF No. 43. Based on the foregoing, the Clerk of Court is hereby directed to send a summons for Defendants Nickrenz and Crandall to counsel for the Defendants. Given the lengthy delays in this case and the substantial time that the defense has been aware of the claims, the deadline previously established for when an answer or other response to the complaint is due is amended. The Defendants shall file a consolidated answer or other response to the complaint **on or before March 5, 2021.**

In addition, Mr. Rodd renews his request for appointment of counsel. Pl.'s Letter at 1–2. The Court previously denied Mr. Rodd's request for appointment of counsel in an Order dated October 2, 2019. Order (Oct. 2, 2019), ECF No. 11. There, the Court found as follows:

> Mr. Rodd's motion for appointment of counsel [ECF No. 5] is DENIED WITHOUT PREJUDICE. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *see also In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) ("The decision to appoint counsel in civil cases is committed to the discretion of the district court."). It is not yet apparent that appointment of counsel would benefit either Mr. Rodd or the Court. Mr. Rodd has presented his claims with reasonable clarity, and this Court cannot know at this early stage of the litigation whether either the factual or legal basis for those claims will prove so complex that an unrepresented litigant could not prosecute those claims on his own behalf. This Court will reconsider sua sponte whether appointment of counsel is appropriate should circumstances dictate.

*Id.* at 2, ¶ 5. Though it has taken considerable time for Mr. Rodd to complete service of process, the Court's assessment of Mr. Rodd's ability to explain his claims with reasonable clarity has not changed. Mr. Rodd has otherwise managed to communicate with the Court effectively. Moreover, it remains the case that the Court cannot know at this stage of the litigation whether either the factual or legal basis for Mr. Rodd's claims will prove so complex that he cannot prosecute his claims on his own behalf. Accordingly, Mr. Rodd's renewed request for appointment of counsel is again DENIED WITHOUT PREJUDICE.

Date: February 1, 2021

                                                 s/Katherine Menendez
                                                 Katherine Menendez
                                                 United States Magistrate Judge